RECEIVED

# UNITED STATES DISTRICT COURT

## Northern District of Illinois

2009 SEP 2 PM 5: 41

CLERK
U.S. DISTRICT COURT

SEP 02 2009

Sep 02 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Kimberly Holt

        **Plaintiff**

        v.

Midland Credit MGMT Inc.

        **Defendant**

09CV5468
JUDGE GETTLEMAN
MAG. JUDGE VALDEZ

## Complaint

I, the plaintiff, Kimberly Holt, am bringing this action to gain redress for the defendant's willful noncompliance and the unlawful collection and credit practices by the defendant in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA) which prohibits abusive practices in the collection of consumer debts and allows for consumers to dispute and obtain validation of debt information to ensure information's accuracy and creates guidelines for debt collectors to conduct business and outlines penalties and remedies for violations of the Act.

I, the plaintiff, Kimberly Holt, am also bringing this action to gain redress for the defendant's willful noncompliance and violation of my rights under the Fair Credit Reporting Act, 15 U.S.C. § 1681 (FCRA) that regulates the collection, dissemination, and use of consumer information, including consumer credit.

The defendant had been sending me collection notices about a debt that I did not recognize. They were also reporting this debt on my credit reports. So, I wrote the company itself, and through the credit bureaus, notifying them that I wanted the debt verified or removed.

I received a letter from them addressing my dispute of the debt, stating they would investigate the issue, in the meantime, they would list the debt as disputed by consumer.

However, no verification came and they continued to send me collection notices, letters threatening to sue me in December of 2008, and continued to report the debt on my credit reports. Despite my letter asking that they verify or remove and requesting that they cease and desist all contact until they did.

Under the FCRA, the defendant isn't allowed to report information to the credit bureaus without including a notice of dispute. In addition, once the defendant was notified of the error, in writing, the defendant should not have continued to report the information if it was, in fact, an error.

1

As of March 2009, the defendant was still reporting the same inaccurate information to the credit bureaus, despite the fact I had asked that this information be verified or removed since September of 2008 and their acknowledgement of my letter also in September of 2008, over six months later.

Further, in their listing the debt as disputed on one of my credit reports, the defendants reported my dispute incorrectly and listed it as being disputed "under Fair Credit Billing Acts" I was disputing the entire debt ever being mine and had not stated their reporting of the debt was a billing error. Despite this, the defendant continued to report me as delinquent.

The defendants, in their collection letters to me, also failed to notify me of my rights to dispute the debt within 30 days. They also threatened to sue me when they knew they had no intention of following through with a lawsuit.

I want to sue Midland for their harassment and violations. They knew that the debt shouldn't have been reported and that I had requested that it be verified or removed. They refused while continuing to harass and threaten to file a lawsuit against me.

Therefore, I want to sue the defendant under the FDCPA for:

\*Reporting false information on my consumer credit report

\*Communicating with me after request for validation.

\*Threatening arrest or legal action that wasn't actually contemplated.

\*Not Providing proper verification of the debt

Under the FCRA, I am asking that the court render a judgment in favor of the plaintiff, and against the defendant for their noncompliance by continuing to falsely report this debt, also considering the time it took before they finally removed it and all I went through before they did over a debt that I disputed from the beginning. I also feel their conduct throughout, the threats, etc., showed that their actions were willful and I want to sue for $1000 plus punitive damages, attorney's fees and costs.

Under the FDCPA, I am asking that the court render a judgment in favor of the plaintiff, and against the defendant for damages, both statutory and actual, as well as attorney's fees and court costs and any other relief as determined by the court. I am also requesting a trial by jury.

Kimberly Holt

Kimberly Holt

9352 S. Kimbark Avenue

Chicago, Illinois 60619

(773)374-2536