**IN THE UNITED STATED DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY HOLT, | ) | |
| | ) | |
| Plaintiff | ) | Case No: 09CV5468 |
| | ) | |
| v. | ) | JUDGE GETTLEMAN |
| | ) | |
| MIDLAND CREDIT MGMT INC., | ) | MAG. JUDGE VALDEZ |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MIDLAND'S MOTION TO DISMISS**

Defendant, Midland Credit Management, Inc. ("Midland") by its attorneys, Anna-Katrina S. Christakis and Raechelle Delarmente (Grady Pilgrim Christakis Bell LLP, of counsel), moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of its motion, Midland states as follows:

1.  Plaintiff Kimberly Holt ("Plaintiff") has filed a pro se complaint alleging that Midland has violated the FDCPA and the FCRA. She alleges that Midland "had been sending" her collection notices about a debt that she "did not recognize," and reporting "this debt" on her credit reports. (Compl. Unnumbered ¶ 3). She also alleges that she "wrote the company itself, and through the credit bureaus notifying them that [she] wanted the debt verified or removed." (Compl. Unnumbered ¶ 3). She then alleges that she received a letter "from them" addressing her dispute and stating that "they" would investigate "the issue." (Compl. Unnumbered ¶ 4).

2.  Plaintiff also complains that the grounds for her dispute were inaccurately reported, that she disputed that the debt was hers, but that it was "listed as being disputed

under the Fair Credit Billing Act," while defendant continued to report her as delinquent. (Compl. Unnumbered ¶ 8).

3.	Finally, plaintiff alleges that the "defendants"—although she only names Midland—failed to advise her of her right to dispute the debt within 30 days, and that "they" threatened to sue her when "they" knew "they" had no intention of doing so. (Compl. Unnumbered ¶ 9).

4.	Plaintiff alleges that this conduct willfully violated the FCRA because "the defendant isn't allowed to report information to the credit bureaus without including a notice of dispute," and that "once the defendant was notified of the error, in writing, the defendant should not have continued to report the information if it was, in fact, an error." (Compl. Unnumbered ¶¶ 6, 12).

5.	Plaintiff further alleges that Midland violated the FDCPA by "reporting false information on [her] consumer report," "communicating with [her] after request for validation," "threatening arrest or legal action that wasn't actually contemplated," and "not providing proper verification of the debt." (Compl. Unnumbered ¶ 11).

6.	Plaintiff seeks attorney's fees and statutory damages under both the FDCPA and FCRA, as well as unspecified actual damages under the FDCPA and punitive damages under the FCRA.

7.	When ruling on a 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts in the complaint as true and view allegations in the light most favorable to plaintiff. Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002). However, to survive a motion to dismiss, a complaint must contain sufficient factual matter to

"state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007).

8. A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id.

9. A plaintiff may not avoid dismissal, however, simply by attaching bare legal conclusions to narrated facts which fail to outline the bases of her claims. Perkins v. Silverstein, 939 F.2d 463, 467 (7th Cir. 1991). For this reason, a court need not accept as true legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009), citing Iqbal, 129 S. Ct. 1937, 1949 (2009).

10. Neither the purported FCRA claim nor the purported FDCPA claim contain sufficient factual matter to survive a motion to dismiss. There is no description of the "debt" which forms the basis of plaintiff's complaint, no dates to identify the alleged correspondence between the parties, no allegation that defendant is a debt collector, no claim that Midland was ever notified by the credit reporting agencies that plaintiff disputed the debt, no description of any actual damages plaintiff suffered, nor any factual support for the vague allegation that Midland's actions were "willful."

11. Even more problematic is the fact that there is no private right of action for violations of the FCRA § 1681s-2(a). Rollins v. Peoples Gas Light and Coke Co., 379 F.Supp.2d 964, 967 (N.D. Ill. 2005)(Gettlemen, J.). Furnishers of information, such as Midland, are

accountable under § 1681s-2(b) only if they continue to supply inaccurate data to credit reporting agencies ("CRA") after proper notification by the CRA.  Id.

12. Here, the complaint contains nothing more than conclusory factual allegations devoid of any reference to actual events—or at best legal conclusions couched as factual allegations—and should be dismissed.

13. In addition, plaintiff seeks an award of attorneys' fees under both statutes, though she is proceeding pro se.  As a result, and at a minimum, this requested relief should be stricken.

WHEREFORE, Defendant, Midland Credit Management, Inc., requests that this Court enter an order dismissing Plaintiff's Complaint, with prejudice, and any other relief the Court deems just and appropriate.

Respectfully submitted,

MIDLAND CREDIT MANAGEMENT, INC.


By:   s/ Anna-Katrina S. Christakis
        One of its Attorneys

Anna-Katrina S. Christakis
Raechelle Delarmente
Grady Pilgrim Christakis Bell LLP
53 W. Jackson Blvd.
Suite 715
Chicago, IL  60604
(312) 939-6580

**CERTIFICATE OF SERVICE**

 Anna-Katrina Christakis, an attorney, certifies that she served the foregoing **Motion to Dismiss** on the following via ECF filing on October 30, 2009:

 Kimberly Holt  (kandh@hotmail.com)

            _s/  Anna-Katrina S. Christakis_