**FILED**
JAN 2 5 2010
Jan 25 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT

Northern District of Illinois

Eastern Division

Kimberly Holt

    Plaintiff

    v.

Midland Credit MGMT Inc.

    Defendant

Case No. 1:09-CV-5468

Judge Gettleman

## AMENDED COMPLAINT

### INTRODUCTION

1. I, the Plaintiff, Kimberly Holt, am bringing this action to gain redress for the Defendant's willful noncompliance and the unlawful collection and credit practices by the Defendant Midland Credit Management, Inc. in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA) which broadly prohibits abusive practices in the collection of consumer debts and allows for consumers to dispute and obtain validation of debt information to ensure information's accuracy and creates guidelines for debt collectors to conduct business and outlines penalties and remedies for violations of the Act.

2. I, the plaintiff, Kimberly Holt, am also bringing this action to gain redress for the Defendant's willful noncompliance and violation of my rights under the Fair Credit Reporting Act, 15 U.S.C. § 1681 (FCRA) that regulates the collection, dissemination, and use of consumer information, including consumer credit.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 15 U.S.C. §§ 1681p (FCRA).

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by Plaintiff within this District;

1

b. Defendant does business within this District.

## PARTIES

5. Plaintiff is an individual who resides in the Northern District of Illinois.

6. The Defendant is a debt collector as defined as the FDCPA.

7. The Defendant has an office at 8875 Aero Drive, San Diego, California.

8. The Defendant does business in Illinois. Its registered agent and office is Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

## FACTS

9. The Defendant, Midland, had been sending me, the Plaintiff, collection notices about a debt, account no. 8526358825, that I did not recognize as mine. They were also reporting this debt on my credit reports. So, I wrote the Defendant as well as the credit bureaus, notifying them that I wanted the debt verified or removed.

10. On July 31, 2008, Midland sent me a debt collection letter that demanded $6,284.77, offering settlement of the alleged debt. The letter made no mention of my right to dispute the debt.

11. On September 7, 2008, I sent a cease and desist letter to Midland disputing the debt, account no. 8526358825, as well as requesting that the debt be removed from my credit reports.

12. On September 7, 2008, I also sent letters to the three major credit reporting agencies disputing the above mentioned debt.

13. I received another collection letter, dated September 11, 2008, from the Defendant, citing the debt they were attempting to collect, now $6,311.07, and outlining several payment options they were offering me.

14. Midland sent me another letter, on September 19, 2008, concerning my dispute letters. In the letter they also stated that they were going to continue to list the debt. Despite not having sent me verification, they were continuing to contact me and continuing their collection activities.

15. In the letter, dated September 19th 2008, the Defendant also requested that I send documents that support my dispute, further acknowledging they had received my letters where I questioned the validity of the debt they were trying to collect from me.

16. On September 28, 2008, I wrote Midland, again, in response to their September 19th letter, with another cease and desist request. I, again, disputed the debt listed as account number 8526358825. I also requested that they provide copies of assignments and other documents that show they were, or the principle was, in fact, an assignee and authorized to collect the claimed debt from me, as required by the Uniform Commercial Code.

2

17. In the letter, I sent to the Defendant, dated September 28th, 2008, I also requested proof in the form of contracts or agreements that I had signed and an account history outlining how they arrived at the conclusion that I owed them over $6,000.

18. I received a letter from Equifax, dated October 14, 2008, reflecting that Midland had verified to them that the disputed debt belonged to me and that it was being reported correctly. On the credit report, that was included with the letter, the tradeline for the alleged debt was not listed as "disputed".

19. Based upon a letter dated October 7, 2008 and a credit report dated March 9, 2009, Midland verified to Trans Union that I owed the alleged debt and was updated as of February 2009 as owing $6,395 on my March 2009 credit report.

20. My Experian credit report reflected that Midland verified and updated the disputed debt in September of 2008.

21. These letters from the credit bureaus verified what Midland stated in their letter dated September 19th 2008, that they were going to verify the information with the three major credit reporting agencies.

22. I received another collection letter, dated October 23, 2008, from Midland, for the disputed debt, account no. 8526358825, still no verification of the debt. Further, despite having disputed this debt with Midland and the credit bureaus, the amount of the debt, listed on the collection letter was now, $6,347.89

23. In their next collection letter, dated December 23, 2008, Midland urged me to send $250 to start my payments on the alleged debt. In this letter, they also threatened legal action, a threat they never intended on implementing.

24. This letter was an attempt to coerce me into making payments in order to restart an expired or soon-to-expire statute of limitations for this debt that I didn't owe. This collection effort was a continued violation of my rights in that I had requested, numerous times, that they verify the debt, in the manner I outlined, until then, all contact and collection efforts were to cease.

25. Daniel A. Edelman, of Edelman, Combs, Latturner & Goodwin, L.L.C. sent Midland a fax, dated February 17, 2009, on my behalf, that, again, disputed the debt and requested that they provide proof that the alleged debt was mine, in the form of contracts or account history, or they were to desist with their collection attempts, by way of credit reporting or other means.

26. Midland responded to the letter Edelman sent on my behalf in a letter dated February 17, 2009. In the letter, the defendant stated they were instructing the credit bureaus to delete reference to the account.

27. As of March 2009, the defendant was still reporting the same inaccurate information to the credit bureaus, despite the fact I, as well as my attorneys and the credit bureaus, had requested that this information be verified or removed since September of 2008 and their acknowledgement, of having received my letter, also in September of 2008. The information, according to my Equifax report had been updated with the alleged debt as of February 2009.

28. Further, in their listing the debt as disputed, on one of my credit reports, the defendants reported my dispute incorrectly and listed it as being disputed "under Fair Credit Billing Acts" I was disputing the entire debt as ever being mine and had not stated their reporting of the debt was a billing error. Despite

this, the defendant continued to report me as delinquent, this reporting and their actions, outlined above, caused me damage and harm.

## VIOLATIONS

Incorporating all previous paragraphs, I want to sue the Defendant under the FDCPA 15 U.S.C. § 1692:

29. The FDCPA, 15 U.S.C. § 1692c(c) prohibits a debt collector from communicating with a consumer if notified in writing that the consumer does not wish to be contacted.

30. Midland violated this section because it made attempts to collect this alleged debt from me after my demand to cease and even though they hadn't sent me proper verification of the alleged debt.

31. The FDCPA, 15 U.S.C. § 1692e(8) requires a debt collector to list credit report tradelines that have been disputed by consumers as "disputed." That section also prohibits a collection agency from reporting information it should know to be false to credit bureaus.

32. Midland did not properly list the tradeline associated with this alleged debt as "disputed" with all three credit bureaus upon receipt of plaintiff's dispute letters when they should have known that the information it was reporting was false because of my numerous disputes.

33. The Defendant did not delete the tradelines until I hired counsel.

34. Using misrepresenting or using deception to collect a debt is also a violation. Midland's urging me to send $250 to start my payments on the alleged debt, in an attempt to restart the clock on a soon to expire or expired debt, was also a violation.

35. In the letter dated December 23, 2008, where they threatened to forward my account to an attorney was a threat of legal action that they weren't actually contemplating but was an attempt to scare me into sending the payment of $250 and resetting the clock on the alleged debt.

Under the FDCPA, I am asking that the court render a judgment in favor of the Plaintiff, and against the Defendant for damages, both statutory and actual, as well as attorney's fees and court costs and any other relief as determined by the court. I am also requesting a trial by jury.

As previously mentioned, incorporating all previous paragraphs, I also want to sue the Defendant under the FCRA 15 U.S.C. § 1681:

36. Defendant violated the FCRA 15 U.S.C. §1681s-2(b) by failing to rectify credit reporting errors brought to its attention through Plaintiff's disputes to the credit bureaus.

37. Defendant's actions also demonstrated willfulness because I made disputes directly to Midland and they continued to report the false debt anyway.

38. Defendant also willfully failed to fix reported inaccuracies on my credit reports plaintiff's credit card account after having conducted an investigation pursuant to section 1681s-2(b).

Under the FCRA, 15 U.S.C. § 1681n, I am also asking that the court render a judgment in favor of the Plaintiff and against the Defendant for actual, punitive and statutory damages as well as attorney's fees and costs and any other relief the court deems appropriate. I am also requesting a trial by jury.

Respectfully Submitted

Kimberly Holt

Kimberly Holt

9352 S. Kimbark Avenue

Chicago, Illinois 60619

(773)374-2536